UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06cv-223-R

GREGORY WETZELBERGER,                                            PLAINTIFF

v.

PRINCIPAL INSURANCE CO.,                                         DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on the Defendant's Motion to Dismiss (Docket #5). The Plaintiff, Gregory Wetzelberger ("Wetzelberger") has responded (Docket #7), and the Defendant, Principal Insurance Co. ("Principal Life") has replied to that response. This matter is now ripe for adjudication. For the following reasons, the Plaintiff's motion to dismiss is **GRANTED**.

## BACKGROUND

The case involves a claim by the Plaintiff to recover long term disability benefits against the Defendant in accordance with an insurance plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e). Wetzelberger was a full-time employee at the Independent Order of Foresters ("Foresters"), and was eligible for coverage under a self-funded insurance plan ("Plan") that was sponsored by Foresters, but administered by Principal Life. Principal Life administered claims under the plan, but the Plan states that final decision making authority was left to Foresters. Part of administering the Plan included: collecting the medical records of the Plaintiff; hiring medical experts to review Wetzelberger's claim; and designing the Plan. In addition, the Defendant sent a letter to the Plaintiff after Wetzelberger had appealed its initial decision to deny his benefits. This letter was sent directly from Principal Life to the attorney of the Plaintiff, and states that Principal Life made the

decision to deny benefits under the Plan. However, Principal Life offers affidavit testimony from a Foresters employee that claims that Foresters, and not Principal Life, made the decision to deny benefits to Wetzelberger.

Principal Life contends that it is not a fiduciary under the Plan because it had no discretionary authority regarding the Plan, and therefore, the claim against it fails a matter of law, as non-fiduciaries cannot be sued under ERISA. The Defendant also asserts that the Plaintiff cannot bring a state law bad faith claim against the Defendant in this matter because it is preempted by ERISA.

## STANDARD

As to the state law claim for bad faith, the Court will apply the motion to dismiss standard. "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.

1993)).

As to the ERISA claim, because the Court will examine documents that are neither part of the complaint nor part of the administrative record, the Court will apply the FRCP 56 summary judgment standard to the ERISA claim.  Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case."  *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of the evidence.  To support his position, he must present evidence on which the trier of fact could find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996).  Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the

standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

In its motion to dismiss, the Defendant argues that the Plaintiff does not have a valid claim against Principal Life under ERISA, and that the state law claim for bad faith is preempted by ERISA's civil preemption clause. The Court will address each of these claims separately.

### 1. State Law Claim for Bad Faith

In his response, Wetzelberger does not address the state law claim argument asserted by the Defendant. ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The United States Supreme Court and Sixth Circuit Court of Appeals have held that under 29 U.S.C. §1144(b), an ERISA action preempts state law claims by beneficiaries who sue for the recovery of benefits in connection with an ERISA plan. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 737-738 (1985); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987) *Daniel v. Eaton Corp.*, 839 F.2d 263, 266-67 (6th Cir. 1988). "[I]n interpreting ERISA's preemption clause, a court 'must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive.'" *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005)(hereinafter "*PONI*")(quoting *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)). In *Briscoe v. Fine*, the Sixth

Circuit Court of Appeals held that "'any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.'" *Briscoe v. Fine*, 444 F.3d 478, 498 (6th Cir. 2006) (*quoting Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004)).

In the instant matter, the Plaintiff states that he is seeking to recover his long term benefits that were allegedly denied to him by the Defendant. The state law claim asserted against Principal Life seeks to recover these benefits, and therefore, amounts to an attempt to circumvent ERISA's civil enforcement mechanism. As explained *supra*, a Plaintiff may not "duplicate" an ERISA action by asserting a state law claim against a defendant for benefits because ERISA provides the sole remedy for beneficiaries under those circumstances. *See Briscoe*, 444 F.3d at 498. Accordingly, the state law claim for bad faith asserted by the Plaintiff against Principal Life is preempted by ERISA. The Court is allowing the Plaintiff to file an amended complaint against the Independent Order of Foresters. However, the bad faith claim within the amended complaint asserted against both Principal Life and Foresters is preempted by ERISA, and therefore, is dismissed as a matter of law.

## 2. ERISA Claim Against Principal Life

In order to bring an ERISA claim against a party, the entity must be an ERISA fiduciary who exercises "discretionary authority over plan management, or any authority or control over plan assets." *Briscoe* at 488 (*citing* 29 U.S.C. § 1002(A)(21); *Hamilton v. Carell*, 243 F.3d 992, 998 (6th Cir. 2001)). Principal Life, in citing *Briscoe* in support of its contention, argues that it is not a plan fiduciary, but is merely a third party administrator because it did not have the authority to interpret or administer the plan.

5

In *Briscoe*, the Sixth Circuit Court of Appeals determined that the third party administrator ("TPA") was not an ERISA fiduciary even though it helped determine eligibility for benefits, processed claims, and assisted the plan administrator in producing reports required by federal and state law. *Briscoe*, 444 F.3d at 489 (*citing Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 455-56 (6th Cir.1991) (per curiam). In quoting *Baxter*, the Court reasoned that a TPA who is "'without the power to make plan policies or interpretations [and] who performs purely ministerial functions,'" is not an ERISA fiduciary. *Briscoe* at 489 (*citing Baxter* at 455). However, the Court in *Briscoe* did note that a third party administrator could be an ERISA fiduciary if it "has the authority to grant or deny the claims." *Id.* (*citing Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mutual of Ohio* (*BCBSM*) 982 F.2d 1031, 1034-35 (6th Cir.1993)). In *BCBSM*, the Court held that a TPA was a fiduciary under ERISA because it had the authority to grant or deny claims. *BCBSM* at 1035. The Court in *BCBSM* reasoned that because the TPA had the "sole" authority to make decisions on the plan, it was a fiduciary as defined by ERISA,29 U.S.C. § 1002(21)(A)(iii). *BCBSM* at 1032, 1035.

In the instant matter, in contrast to *BCBSM*, Principal Life was not the "sole" authority making decisions in regards to granting or denying Wetzelberger's benefits. Similar to *Briscoe*, Principal Life was merely performing ministerial acts on behalf of Foresters by sending out the letter to the Plaintiff's attorney. The Plan states that Foresters had the sole authority and discretion to make final decisions concerning the administration of the Plan, and the affidavit provided by Bridget Carter, an employee of Foresters who oversaw the Plaintiff's claim under the Plan, expresses that same notion. In addition, the Defendant has provided records that indicate Principal Life sent a copy of the letter to Foresters before it was sent to the Plaintiff's

attorney denying his re-evaluation, and that Foresters had the option to amend the recommendation and/or the letter before it was sent to Wetzelberger's attorney. These facts indicate that Principal Life was not the "sole" entity making decisions regarding the plan. Accordingly, Principal Life is not a fiduciary as defined by ERISA.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is **GRANTED**. Both the state law claim against the Principal Life and Foresters for bad faith, and the ERISA claim against the Principal Life fail as a matter of law.

An appropriate order shall issue.